Warminster Township Municipal Authority, Appellant, *v.* Department of Highways, Commonwealth of Pennsylvania.

Argued October 7, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

reargument refused February 27, 1970.

*Thomas A. Beckley,* with him *R. W. Russel Hoerner,* and *Shearer, Mette & Hoerner,* for appellant.

*Reynold J. Kosek,* Assistant Attorney General, with him *John R. Rezzolla,* Deputy Attorney General, and *William C. Sennett,* Attorney General, for Commonwealth, appellees.

OPINION BY MR. JUSTICE ROBERTS, January 30, 1970:

Appellant municipal authority owns and operates certain sewage and waterworks facilities which are located within the right of way of a state highway in Bucks County. Appellee, the State Department of Highways, in connection with the widening of that highway, ordered appellant to relocate its facilities and offered to pay fifty percent of the cost of such relocation. This offer was rejected as unacceptable to appellant, and appellant and appellee were unable to agree upon an acceptable figure. Several months after the offer was made and rejected, appellant requested appellee to petition the Pennsylvania Public Utilities Commission for a determination of the costs to be borne by each party. This appellee refused to do, informing appellant that the offer was withdrawn when appellant refused to accept it.

Appellant sought mandamus. Appellee filed preliminary objections in the nature of a demurrer, which were sustained, and the complaint was dismissed. This appeal followed. We reverse.

"Historically, in Pennsylvania, non-transportation public utilities have been permitted to occupy highway rights-of-way free of cost. . . . Such utilities obtain no property rights in the highway and can be ordered by a competent state . . . agency to relocate their facilities at their own expense. . . ." *Delaware River Port Authority v. Pennsylvania Public Utility Commission,* 393 Pa. 639, 645, 145 A. 2d 172, 175 (1958) (citations omitted). By statute, however, the Commonwealth is vested with discretionary power to make pay-

ments for relocation. The Act of June 1, 1945, P. L. 1242, art. IV, §412.1, as amended, 36 P.S. §670-412.1, provides: "[T]he department [of highways] may make such . . . relocation as may be required. . . . The department may also enter into agreements with any . . . municipality authority for the sharing in the costs of such . . . relocation. In any case where, in the opinion of the secretary, such costs should be shared by the department and a . . . municipality authority[,] and the department is unable to agree with such . . . municipality authority to a division of the costs, the department may proceed with the work and petition the Pennsylvania Public Utilities Commission for a determination of the costs to be borne by each party."

Appellant argues that although the statute vests complete discretion in the Department of Highways as to whether the costs should be shared, once the secretary makes the decision to share the costs he can no longer withdraw his offer, even if it is rejected as insufficient. At that point, appellant contends, the department and the municipal authority must either agree to a division, or the department "may proceed with the work and petition" the P.U.C. for a determination.

Appellee, on the other hand, urges that once the department's offer has been rejected, the secretary is free to again consider whether costs should be shared. If the secretary then decides to offer nothing, there is obviously no reason for appellant to petition the P.U.C.

Although neither construction of the statute makes perfect sense from a policy standpoint, we believe that appellant's contention is the most sensible. It is true that, given appellant's construction of the statute, the department might feel compelled to adopt a policy of rarely making any offer at all. The initial discretion does clearly rest with the department, and it might well be discouraged from offering to share costs with

local authorities if it knew that such action could result in its being required to pay a greater share of the costs than it felt fair. Under appellee's construction, however, the department could operate on a complete "take it or leave it" basis. The provision allowing a petition to the P.U.C. would be rendered superfluous since the department could withdraw its offer at any point.* We therefore read the statute as requiring the department to submit any disagreement to the P.U.C. once it has made an offer.

The order of the Court of Common Pleas of Dauphin County is reversed and the record is remanded with instructions to grant the writ.

Mr. Chief Justice BELL dissents.

---

DISSENTING OPINION BY MR. JUSTICE JONES:

I recognize that it is not within our province to pass upon the wisdom of the legislature in the enactment of legislation, that we do not pass upon the validity of an act of assembly absent a challenge thereto in an appropriate manner, and that, in the case at bar, the validity of the Act of June 1, 1945 (P. L. 1242, art. IV, §421.1, as amended, 36 P.S. §670-412.1), is not attacked. Nevertheless I have very serious doubts as to the validity of this particular statutory enactment. My reason is that the statute vests in an individual, the Secretary of the Department of Highways, without providing any standards for guidance, the sole discretion and authority to determine whether the costs incurred by a municipality authority in relocating its facilities should be shared by the Department of Highways. In

---

* It is impossible to say whether the department has pursued such a "take it or leave it" approach. There is evidently only one reported appellate opinion dealing with a case which the department has submitted to the P.U.C. See *Department of Highways v. Pennsylvania Public Utilities Commission*, 190 Pa. Superior Ct. 1, 151 A. 2d 850 (1959).

my view, vesting such awesome power in the Secretary of Highways under the circumstances renders this Section of the statute invalid and constitutionally offensive.

Assuming, however, the validity of this Section of the statute, I disagree with the result arrived at by the majority of this Court.

The question presented on this appeal is whether the Warminster Township Municipal Authority [Authority], having rejected an offer of the Department of Highways to pay 50% of the relocation costs, can now *compel* the Department of Highways to petition the Pennsylvania Public Utilities Commission [PUC] to allocate the relocation costs between the Authority and the Department of Highways. The majority has determined that, once an offer has been made by the Department of Highways and rejected by a municipality authority, then the Department, if it proceeds with the work, *must* petition the PUC for a determination of the costs to be borne by each party.

The Secretary of the Department of Highways indisputably has been vested, by statute, with the discretionary power to decide whether the Department should assume any part of the municipality authority's costs of relocation. According to the majority opinion, however, this power is terminated if the Department makes an offer to *share* costs and if the authority rejects the offer and seeks a review by the PUC. As a result, virtually all discretion is removed from the Secretary. Under the majority opinion, once an offer has been made and rejected, the *authority* decides whether or not to seek PUC review, and the PUC then decides what allocation should be made. In effect, the only decision left to the Secretary of the Department of Highways would be whether initially to make an offer. The final question of whether and to what extent the relocation costs should be shared by the Department of Highways will

actually be decided by the PUC in *every* case—unless the municipality authority should choose to accept the initial offer, *or unless the Secretary decides not to make any offer at all.*

This result is directly contrary to both the letter and the spirit of the 1945 statute (36 P.S. §670-412.1). The probable consequence of the majority ruling will be that the Department of Highways will refuse to make *any* offer whatsoever to a municipality authority for the sharing of the costs of the latter's relocation of facilities. Thus, the municipality authority will be deprived of funds which it requires for the relocation of facilities brought about not by its action, but by the action of the Department. As a practical matter, the municipality authorities will be burdened with the entire costs of the relocation of their facilities, a result which, in my opinion, is contrary to the clear legislative intendment in such circumstances.

The majority opinion argues that, if the Department of Highways is permitted to withdraw its offer, it would be operating on a "take it or leave it" basis. This implies an assumption that the Secretary would make his decision in the exercise of bad faith. If this be a valid assumption, then certainly no discretion whatsoever should be left to the Secretary. He should not even have the authority to make the *initial* determination of whether to offer partial payment of the relocation costs.

Assuming that the statute's investiture of authority in the Secretary of Highways is valid, I see no basis for a ruling such as that of the majority opinion, which will seriously burden financially-impoverished municipality authorities, a result the statute was designed to avoid.

DISSENTING OPINION BY MR. JUSTICE COHEN:

I agree with Justice JONES that the Act of June 1, 1945, P. L. 1242, art. IV, §412.1, as amended, 36 P.S.

§670-412.1, is unconstitutional because of vagueness. The section states: ". . . The department may also enter into agreements . . . for the sharing in the costs of such change, alteration, adjustment or relocation. In any case where, in the opinion of the secretary, such costs should be shared. . . ." The statute sets up no standards or guidelines to assist the secretary in knowing in what cases costs should be shared and in what cases they should not. Complete discretion is vested in that individual; his opinion is the final word. Finally, expenditures under the section may run afoul of Article 8, Section 11 of the Pennsylvania Constitution which states that: "All proceeds from gasoline and other motor fuel excise taxes, motor vehicle registration fees and license taxes, operators' license fees and other excise taxes imposed on products used in motor transportation . . . shall be . . . used solely for construction, reconstruction, maintenance and repair of and safety on public highways and bridges. . . ."

Because I believe that this section is unconstitutional, I feel that no action should be taken or funds expended under it.

I dissent.